# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION AT MEMPHIS

GRADY L. COWLEY, VALERIA GREEN,
REGENIA HORTON, AND KATERA R. JEFFRIES,

    Plaintiffs,

Case No.: 2:21-cv-02779

v.

UNITED STATES OF AMERICA,

    Defendants.

## COMPLAINT FOR AUTOMOBILE NEGLIGENCE

**TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE:**

    **COME NOW** your Plaintiffs, Grady Cowley, Valeria Green, Regenia Horton, and Katera Jeffries, and for their cause of action against the Defendant, the United States of America, herein respectfully charge and aver as follows:

### JURISDICTION AND VENUE

    1.    Plaintiff, Grady Cowley, respectfully alleges that he is an adult resident citizen of Memphis, Shelby County, Tennessee.

    2.    Plaintiff, Valeria Green, respectfully alleges that she is an adult resident citizen of Fulton, Itawamba County, Mississippi.

    3.    Plaintiff, Regenia Horton, respectfully alleges that she is an adult resident citizen of Fulton, Itawamba County, Mississippi.

1

4. Plaintiff, Katera Jeffries, respectfully alleges that she is an adult resident citizen of Memphis, Shelby County, Tennessee.

5. Upon information and belief, Plaintiffs allege that Defendant, United States of America, may be served with process by serving Joseph C. Murphy, United States Attorney for the Western District of Tennessee, at 167 North Main Street, Suite 800, Memphis, Tennessee 38103 and by serving Merrick B. Garland, Attorney General of the United States at Washington, D.C. by certified mail to U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

6. Plaintiffs allege that at all times material hereto, Curtis L. James was an employee, agent and or servant of the United States Postal Service, an agency of Defendant, the United States of America, and at the time of the subject collision was acting within the course and scope of his employment, and was on or about the business of the United States Postal Service, an agency of the United States of America.

7. Plaintiffs allege that Allstate Insurance Company is their uninsured/underinsured motorist insurance carrier, which may be served by delivering a copy of the Summons and Complaint to the Tennessee Commissioner of Insurance located at 500 James Robertson Parkway, Davey Crockett Towers, 5th Floor, Nashville, Tennessee 37243.

8. Plaintiffs further allege that this cause of action arises in tort out of personal injuries and damages as a result of an automobile collision which occurred in Memphis, Shelby County, Tennessee on or about February 26, 2020.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346, 28 U.S.C. §2401(b) and 39 C.F.R. 912.9(a).

10. Plaintiff, Grady Cowley, alleges that Claim for Damage, Injury or Death was submitted to the United States Postal Service on November 13, 2020 and received by the United States Postal Service on November 16, 2020. A denial letter was received by Plaintiff's counsel on July 6, 2021.

11. Plaintiff, Valeria Green, alleges that Claim for Damage, Injury or Death was submitted to the United States Postal Service on January 8, 2021 and received by the United States Postal Service on January 25, 2021. A denial letter was received by Plaintiff's counsel on July 6, 2021.

12. Plaintiff, Regenia Horton, alleges that Claim for Damage, Injury or Death was submitted to the United States Postal Service on December 30, 2020 and received by the United States Postal Service on January 4, 2021. A denial letter was received by Plaintiff's counsel on July 6, 2021.

13. Plaintiff, Katera Jeffries, alleges that Claim for Damage, Injury or Death was submitted to the United States Postal Service on November 20, 2020 and received by the United States Postal Service on November 24, 2020. A denial letter was received by Plaintiff's counsel on July 6, 2021.

**FACTS**

14. Plaintiffs adopt and re-allege the allegations contained in Paragraphs One through thirteen (1-13) above as is fully set forth herein.

15. Plaintiffs allege that at all times material hereto, Defendant, United States of America was the registered owner of a 2017 Ford Mail Truck, VIN # 1FC3E3K59HDC24032, and bearing the Tennessee/Government license tag number 7532045 involved in the subject wreck.

3

16. Plaintiffs allege that at all times material hereto, Curtis L. James was the driver of the 2017 Ford Mail Truck, VIN # 1FC3E3K59HDC24032, and bearing the Tennessee/Government license tag number 7532045 involved in the subject wreck.

17. Plaintiffs allege that at all times material hereto, Curtis L. James was an employee of Defendant, United States of America, serving as a postal worker for the United State Postal Service.

18. Plaintiffs allege that at all times material hereto, Curtis L. James was an agent, servant, and/or employee, of Defendant, United States of America, and acting within the course and scope of his employment with said Defendant.

19. Plaintiffs allege that at all times material hereto, Curtis L. James was driving the 2017 Ford Mail Truck with the permission, consent, or approval of Defendant, United States of America.

20. Thus, Plaintiffs rely upon Tennessee Code Annotated §55-10-311 and §55-10-312 and the common law doctrines of Respondeat Superior, Master Servant, and Agency, whereupon Plaintiffs would allege that every act of negligence as alleged herein against Curtis L. James, an employee of Defendant, United States of America, is imputed to Defendant.

21. Plaintiffs allege that on or about February 26, 2020 at approximately 5:23 p.m., Plaintiffs were traveling in a 2017 Subaru Outback, owned by Valeria Green and being operated by Grady Cowley, eastbound on Winchester Road at or near the intersection with Clearbrook Street.

22. Plaintiffs allege that at the same date and time, Curtis L. James, was operating the 2017 Ford Mail Truck eastbound on Winchester Road in the lane to the left of Plaintiffs' vehicle

4

at or near the intersection with Clearbrook Street.

23. Plaintiffs allege that at the time of the subject wreck they were at a complete stop in obedience to a red traffic control light controlling eastbound traffic on Winchester Road.

24. Plaintiffs allege that at the time of the subject wreck, Curtis L. James, negligently maneuvered his vehicle into Plaintiffs' lane of travel and struck with the front of his vehicle, the passenger side rear of Plaintiffs' vehicle.

25. Plaintiffs allege that at the time of the subject wreck, Curtis L. James, maneuvered his vehicle into Plaintiffs' lane of travel without knowing it could be done safely.

26. Plaintiffs allege that at the time of the subject wreck there were no adverse weather conditions.

27. Plaintiffs allege that at the time of the subject wreck, Defendant was following too closely behind Plaintiffs.

28. Plaintiffs allege that at the time of the subject wreck, Defendant was traveling at an unsafe speed.

29. Plaintiffs allege that due to the impact between the two vehicles, Plaintiffs were jerked in a forcible manner.

30. Plaintiffs allege that as a direct and proximate result of the hereinafter described negligent acts of the Defendant, United States of America, they sustained personal injuries and other damages to be more particularly described hereinafter.

## ACTS OF NEGLIGENCE

31. Plaintiffs charge and allege that Curtis L. James, an employee of Defendant, United States of America, is guilty of one, some, or all of the following acts and/or omissions of common

law negligence which are imputed to Defendant, United States of America, to-wit:

 (a) Negligently failing to use that degree of care and caution in the operation of the vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

 (b) Negligently failing to maintain a proper and safe lookout ahead;

 (c) Negligently failing to maintain a proper and sage lookout for traffic to his right;

 (d) Negligently failing to maintain proper control of the vehicle under the existing circumstances;

 (e) Negligently failing to devote full time and attention to the operation of his vehicle;

 (f) Negligently failing to adequately and reasonably monitor the flow of traffic;

 (g) Negligently failing to use reasonable care to avoid injury to others while operating a motor vehicle;

 (h) Negligently failing to warn the plaintiffs;

 (i) Negligently following too closely;

 (j) Negligently speeding under the then and there existing circumstances;

 (k) Negligently changing lanes when it was unsafe to do so;

 (l) Negligently failing to avoid a collision when the defendant knew and/or should have known that a collision was imminent; and

 (m) Driving while distracted.

32. Plaintiff charges and alleges that at the time of the wreck in question the following statutes of the State of Tennessee were in full force and effect and were violated by Curtis L. James, constituting negligence per se, which are imputed to Defendant, United States of America to-wit:

**Section 55-8-103. Required obedience to traffic laws**
It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

**55-8-123. Driving on roadways laned for traffic.**
Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply:
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety

**Section 55-8-124. Following too closely**
(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

**Section 55-8-136. Due care**
(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

**Section 55-10-202. Operating a vehicle contrary to law**
(a)     It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.
(b)     A violation of this section is a Class C misdemeanor.

**Section 55-10-205. Reckless driving**
(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

33. Plaintiffs further allege that at the time of the wreck in question the following ordinances of the City of Memphis, Tennessee were in full force and effect and were violated by

7

Curtis L. James, constituting negligence per se, which are imputed to Defendant, United States of America to-wit:

### Section 11-16-2. Duty to devote full time and attention to operating vehicle

It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

### Section 11-16-3. Duty to drive at a safe speed, maintain lookout and keep vehicle under control

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
(1) Operate his vehicle at a safe speed.
(2) Maintain a safe lookout.
(3) Use due care to keep his vehicle under control.

### Section 11-16-20. Following too closely

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the street.

### Section 11-16-44. Reckless driving

(a) Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.
(b) Violation of this section shall be a misdemeanor punishable as provided in Section 1-24-1 of this code.

### INJURIES AND DAMAGES GRADY COWLEY

34.    Plaintiffs allege that, as a direct and proximate result of the herein above described violations of the common law, state statutes and city ordinances by Curtis L. James, Plaintiff Grady Cowley sustained multiple, life-altering and disabling injuries to his body as a whole, including but not limited to injuries to the muscles, ligaments, and connective tissue of his neck, back, and both shoulders.

35.    Plaintiff, Grady Cowley, further alleges that he has endured pain and suffering and will continue to suffer from the injuries arising out of the subject wreck.

36. Plaintiff, Grady Cowley, alleges that he has sustained garden variety mental anguish as a result of the subject wreck but has not sustained any type of permanent mental anguish.

37. Plaintiff, Grady Cowley, further alleges that he has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and verily believes that he will incur said expenses in the future.

38. Plaintiff, Grady Cowley, further alleges that he has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject wreck, past, present and future.

### INJURIES AND DAMAGES VALERIA GREEN

39. Plaintiffs allege that, as a direct and proximate result of the herein above described violations of the common law, state statutes and city ordinances by Curtis L. James, Plaintiff Valeria Green sustained multiple, life-altering and disabling injuries to her body as a whole, including but not limited to injuries to the muscles, ligaments, and connective tissue of her back, right shoulder, and both knees.

40. Plaintiff, Valeria Green, further alleges that she has endured pain and suffering and will continue to suffer from the injuries arising out of the subject wreck.

41. Plaintiff, Valeria Green, alleges that she has sustained garden variety mental anguish as a result of the subject wreck but has not sustained any type of permanent mental anguish.

42. Plaintiff, Valeria Green, further alleges that she has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and verily believes that she will incur said expenses in the future.

43. Plaintiff, Valeria Green, further alleges that she has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject wreck, past, present and future.

44. Plaintiff alleges that that as a direct and proximate result of the herein above described violations of the common law, state statutes, and city ordinances by Curtis L. James, she sustained property damage to her vehicle.

### INJURIES AND DAMAGES REGENIA HORTON

45. Plaintiffs allege that, as a direct and proximate result of the herein above described violations of the common law, state statutes and city ordinances by Curtis L. James, Plaintiff Regenia Horton sustained multiple, life-altering and disabling injuries to her body as a whole, including but not limited to injuries to the muscles, ligaments, and connective tissue of her left knee, neck, and back.

46. Plaintiff, Regenia Horton, further alleges that she has endured pain and suffering and will continue to suffer from the injuries arising out of the subject wreck.

47. Plaintiff, Regenia Horton, alleges that she has sustained garden variety mental anguish as a result of the subject wreck but has not sustained any type of permanent mental anguish.

48. Plaintiff, Regenia Horton, further alleges that she has incurred reasonable and necessary medical expenses in order to alleviate her pain and suffering and verily believes that she will incur said expenses in the future.

49. Plaintiff, Regenia Horton, further alleges that she has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject wreck, past, present and future.

50. Pursuant to T.C.A. §24-5-113, Plaintiff, Regenia Horton's, medical bills are

itemized and attached as Exhibit "A" to this Complaint:

|   |   |   |
|---|---|---|
| 1. Jones Family Medical Clinic (DOS 2/27/20) | $ | 140.00 |
| 2. NMMC Outpatient Rehabilitation Services | $ | 1,412.00 |
| 3. Jones Family Medical Clinic (DOS 7/30/20) | $ | 138.00 |
| **Total Medicals** | **$** | **1,690.00** |

## INJURIES AND DAMAGES KATERA JEFFRIES

51.  Plaintiffs allege that, as a direct and proximate result of the herein above described violations of the common law, state statutes and city ordinances by Curtis L. James, Plaintiff Katera Jeffries sustained multiple, life-altering and disabling injuries to her body as a whole, including but not limited to injuries to the muscles, ligaments, and connective tissue of her left shoulder and left arm.

52.  Plaintiff, Katera Jeffries, further alleges that she has endured pain and suffering and will continue to suffer from the injuries arising out of the subject wreck.

53.  Plaintiff, Katera Jeffries, alleges that she has sustained garden variety mental anguish as a result of the subject wreck but has not sustained any type of permanent mental anguish.

54.  Plaintiff, Katera Jeffries, further alleges that she has incurred reasonable and necessary medical expenses in order to alleviate her pain and suffering and verily believes that she will incur said expenses in the future.

55.  Plaintiff, Katera Jeffries, further alleges that she has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject wreck, past, present and future.

56.  Pursuant to T.C.A. §24-5-113, Plaintiff, Katera Jeffries', medical bills are itemized and attached as Exhibit "B" to this Complaint:

| | | |
|---|---|---|
| 1. Flexworx Medical Management, LLC | $ | 478.00 |
| 2. Imaging Group of the Mid-South, LLC | $ | 162.00 |
| 3. Progressive Rehab, LLC | $ | <u>3,145.00</u> |
| **Total Medicals** | **$** | **3,785.00** |

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Grady Cowley, respectfully sues the Defendant, United States of America, and demands judgment against same, for compensatory damages in an amount not to exceed **TWENTY-NINE THOUSAND DOLLARS ($29,000.00).**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Valeria Green, respectfully sues the Defendant, United States of America, and demands judgment against same, for compensatory damages in an amount not to exceed **FORTY-TWO THOUSAND DOLLARS ($42,000.00).**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Regenia Horton, respectfully sues the Defendant, United States of America, and demands judgment against same, for compensatory damages in an amount not to exceed **TWELVE THOUSAND DOLLARS ($12,000.00).**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Katera Jeffries, respectfully sues the Defendant, United States of America, and demands judgment against same, for compensatory damages in an amount not to exceed **TWENTY-SEVEN THOUSAND DOLLARS ($27,000.00).**

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs, respectfully pray for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for costs, and for all other general relief justified by the facts

under the law or in equity.

          Respectfully submitted,

          NAHON, SAHAROVICH & TROTZ, PLC

          /s/ R. Deniger Cobb, Jr
          R. Deniger Cobb, Jr. (029514)
          Attorney for Plaintiff
          488 South Mendenhall
          Memphis, Tennessee 38117
          (901)259-0424