```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____

GRADY L. COWLEY, VALERIA GREEN,    )
REGENIA HORTON, and KATERA         )
R. JEFFRIES,                       )
                                   )
     Plaintiffs,                   )
                                   )
v.                                 )   No. 21-CV-02779-SHM-tmp
                                   )
UNITED STATES OF AMERICA, and      )
DEONDRE PIERRE,                    )
                                   )
     Defendants.                   )
_____

   ORDER DENYING PLAINTIFFS' MOTION TO DEEM DR. LAWRENCE SCHRADER
         AND DR. WILLIAM SMITH AS UNAVAILABLE WITNESSES
_____
```

Before the court by order of reference is plaintiffs' Motion to Deem Dr. Lawrence Schrader and Dr. William Smith as Unavailable Witnesses, filed on October 11, 2022. (ECF Nos. 59, 60.) Defendant United States filed a response on October 12, 2022, and defendant Deondre Pierre filed a response on October 25, 2022. (ECF Nos. 61, 74.) For the reasons below, the motion is DENIED.

### I.   BACKGROUND

This case arises from personal injuries and property damage sustained by plaintiffs Grady L. Cowley, Valeria Green, Regenia Horton, and Katera R. Jeffries as the result of a collision with a United States Postal Service ("USPS") truck in Memphis, Tennessee. (ECF No. 27 at PageID 122.) In their complaint,

plaintiffs allege that on February 26, 2020, they were occupants in a vehicle that was struck by a 2017 Ford mail truck, driven by Curtis L. James, a USPS employee. (Id.) The plaintiffs claim that their vehicle was at a complete stop at a traffic light when James struck the passenger rear side of their vehicle with the front end of his mail truck. (Id.) Plaintiffs claim that at the time of the collision, James was following too closely behind them and was traveling at an unsafe speed.[1] (Id. at 123.) Plaintiffs allege that they have suffered personal injuries and property damage as a result of the collision. (Id. at 127.)

On September 22, 2022, plaintiffs identified Dr. Schrader and Dr. Smith as the medical experts for Green and Cowley in their Rule 26(a)(2) disclosures. (ECF No. 59-1 at PageID 235.) Both doctors are practicing physicians in the state of Tennessee. (Id.) On October 10, 2022, plaintiffs' counsel emailed defendants' counsel regarding the need to take evidentiary medical testimony prior to the discovery deadline of January 23, 2023. (Id.) Defendants' counsel responded that they did not consent to evidentiary depositions and that the doctors would need to testify live at trial. (Id. at PageID 236.)

---

[1] Alternatively, plaintiffs allege that Deondre Pierre negligently struck the mail truck with his vehicle, which caused the mail truck to strike the plaintiffs' car. (ECF No. 27 at PageID 123.)

-2-

In their motion, plaintiffs argue that Drs. Schrader and Smith are unavailable witnesses under Federal Rule of Civil Procedure 32(a)(4)(D) & (E) and Tenn. Code Ann. § 24-9-101(a)(6). (Id.) Both defendants disagree, arguing that the Tennessee statute is not binding in federal court, that no federal rule prohibits the issuance of a trial subpoena to a physician, and that no Rule 32(a)(4)(E) "exceptional circumstance" applies in this case. (ECF No. 61 at PageID 243; ECF No. 74 at PageID 300.)

## II.   ANALYSIS

Federal Rule of Civil Procedure 32(a)(4) states that:

A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend because of age, illness, infirmary, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena;

(E) on a motion and notice, that exceptional circumstances make it desirable — in the interest of justice and with due regard to the importance of live testimony in open court — to permit the deposition to be used.

Tenn. Code Ann. § 25-9-101(a) provides:

(a)   Deponents exempt from subpoena to trial but subject to subpoena to a deposition are:

-3-

    (1)   An officer of the United States;

    (2)   An officer of this state;

    (3)   An officer of any court or municipality within the state;

    (4)   The clerk of any court of record other than that in which the suit is pending;

    (5)   A member of the general assembly while in session, or clerk or officer thereof;

    (6)   **A practicing physician**, physician assistant, advanced practice registered nurse, psychologist, senior psychological examiner, chiropractor, dentist or attorney;

    (7)   A jailer or keeper of a public prison in any county other than that in which the suit is pending;

    (8)   A custodian of medical records, if such custodian files a copy of the applicable records and an affidavit with the court and follows the procedures provided in title 68, chapter 11, part 4, for the production of hospital records pursuant to a subpoena duces tecum; and

    (9)   A licensed clinical social worker, as defined in § 63-23-105 and engaged solely in independent clinical practice, in proceedings in which the department of children's services is the petitioner or intervening petitioner.

Tenn. Code Ann. § 25-9-101(a) (emphasis added). Plaintiffs assert that under Rule 32(a)(4)(D), Drs. Schrader and Smith qualify as unavailable witnesses because their attendance cannot be procured by subpoena under Tenn. Code Ann. § 24-9-101(a)(6).

    Courts addressing the applicability of this statute have "rejected the view that [the] statute exempts Tennessee

-4-

physicians, under Subsection (a)(6), from a federal trial subpoena." McNeil v. Cmty. Prob. Servs., LLC, No. 1:18-CV-00033, 2019 WL 5958332, at *4 (M.D. Tenn. Jan. 7, 2019); see Adams v. Farbota, 306 F.R.D. 563, 568 n.7 (M.D. Tenn. 2015). Moreover, there is "no analogous [federal] exemption for physicians otherwise subject to the subpoena power of the court." Id. The undersigned has previously noted that the court is unaware of any federal authority that would prohibit a party from issuing a trial subpoena to a practicing physician. Hawkins v. Federated Dep't Stores, Inc., No. 05-2570 B/P, 2006 WL 6831303, at *5 n.2 (W.D. Tenn. Oct. 26, 2006). This reasoning was later applied in Am. Nat. Prop. and Cas. Co. v. Stutte, where the court concluded that the movant had not "demonstrated that [the] Court [was] bound by Tenn. Code Ann. § 25-9-101(a)(6)." No. 3:11-CV-219-RLJ-CCS, 2015 WL 3994452, at *2 (E.D. Tenn. July 1, 2015) (citing Hawkins, 2006 WL 6831303, at *5 n.2). Consistent with the above cases, the undersigned finds that Tenn. Code Ann. § 24-9-101(a) does not apply in federal court.

Alternatively, plaintiffs assert that the doctors should be deemed unavailable witnesses under Rule 32(a)(4)(E). (ECF No. 59 at PageID 233.) As justification, plaintiffs argue that "both doctors are practicing physicians" and "[t]o take time away from their practice and their patients for hours on end waiting to be called as a witness at trial, is against the public interest and the very reason why Tennessee adopted Tenn. Code Ann. 24-9-101."

-5-

(Id. at PageID 237.) Further, plaintiffs assert that requiring the doctors to attend trial would cause plaintiffs to incur unnecessary expenses. (Id.)

In analyzing "exceptional circumstances" under Rule 32(a)(4)(E), the Sixth Circuit has noted that subsection (E) should be examined in the context of the other provisions of the Rule, which "authorize use of a deposition in lieu of live testimony only when the witness is shown to be unavailable or unable to testify because he is dead; at a great distance; aged; ill; infirm; or imprisoned; or unprocurable through subpoena." Allgeier v. United States, 909 F.2d 869, 876 (6th Cir. 1990); see Fed. R. Civ. P. 32(a)(4)(A)-(D). In comparing a doctor's demanding schedule to the other enumerated provisions of Rule 32(a)(4), the Sixth Circuit has held that doctors are not "automatically unavailable" for trial as a result of the scheduling demands of their profession. Id.; see also Good v. BioLife Plasma Servs., L.P., No. 1:18-CV-11260, 2022 WL 1837071, at *4 (E.D. Mich. June 3, 2022) (reiterating that "doctors are not 'automatically unavailable' for trial due to the scheduling demands of their occupation"); Bell v. CSX Transp., Inc., No. CIV. 00-40264, 2002 WL 34714566, at *3 (E.D. Mich. Apr. 4, 2002) (finding that a doctor closing her office and canceling appointments did not constitute an exceptional circumstance). Plaintiffs cite to Tenn. Code Ann. § 24-9-101 as persuasive authority for an "exceptional circumstance" exception for

practicing physicians. However, that state statute by itself is insufficient to meet the exceptional circumstance requirement. See Allgeier, 909 F.2d at 876 (addressing a Kentucky practice where doctors are regarded as automatically unavailable and stating "that such a practice exists in Kentucky alone seems insufficient to constitute 'exceptional circumstances' under the federal rule.").

Under certain circumstances, courts have found that a doctor's professional demands may qualify as an "exceptional circumstance" under Rule 32(a)(4)(E). For example, in McDaniel v. BSN Med., Inc., the court found an exceptional circumstance existed when a doctor presented an affidavit "indicating that his busy schedule would require him to treat patients, either clinically or surgically, Monday through Friday." No. 4:07CV-36-M, 2010 WL 2464970, at *4 (W.D. Ky. June 15, 2010) ("This is not a case like Allgeier in which the witness is simply seeking to avoid live testimony because he is a doctor."). In Borchardt v. United States, plaintiff presented evidence that having his doctor testify at trial would cost between $1,000 to $1,250, that the cost of presenting testimony via deposition would be $375, and that the damages sought were only $12,402.19. 133 F.R.D. 547, 547-48 (E.D. Wis. 1991). The court found that the record presented satisfied the exceptional circumstance exception, stating "[t]his court prefers to use the most cost-effective method of providing the

facts to the fact-finder whenever possible" and that "[a]lthough live testimony is preferable to deposition testimony, there is no need to insist upon live testimony when the credibility of the witness is not in question. . . [and] the amount in dispute is minimal when compared to the cost of presenting live testimony at trial." Id. Here, plaintiffs have not presented any such evidence, and the combined damages sought in the complaint by Green and Cowley is in excess of $60,000. Plaintiffs' generalized concerns regarding their doctors' professional demands, while understandable, are not sufficient to meet the requirements of Rule 32(a)(4)(E). See Bell, 2002 WL 34714566, at *3 ("These generalized contentions would appear to apply to almost every doctor, resulting in essentially a per se rule that doctors are unavailable to testify because of the nature of their profession.").

### III. CONCLUSION

For the above reasons, plaintiffs' motion is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 22, 2022
Date