IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GRADY L. COWLEY, VALERIA GREEN, REGENIA HORTON, AND KATERA R. JEFFRIES, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, AND DEONDRE PIERRE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. 21-cv-2779-SHM-tmp

ORDER GRANTING THE MOTION FOR RECONSIDERATION AND GRANTING
THE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Before the Court is Defendant United States of America's Motion for Reconsideration (ECF No. 75) of the Court's Order granting Plaintiff Valeria Green's Motion for Leave to File a Second Amended Complaint to Amend her Ad Damnum. (ECF No. 65.) For the following reasons, the Motion for Reconsideration is **GRANTED**. On reconsideration, Green's Motion to Amend is **GRANTED**. Green can amend to increase her ad damnum in the amount requested. Her amendment is limited to recovery for costs resulting from her worsening back condition and her ongoing costs of care. She cannot amend based on her surgeries.

## I.   Background

On February 26, 2020, Green was injured in an automobile accident with Defendants. (ECF No. 1 at ¶¶ 21-24.) On May 11, 2020, Green was evaluated by Dr. Richard Rainey of Specialty Orthopedic Group. (ECF No. 84 at 12.) Dr. Rainey's notes show that he told Green she had tendon tears in her shoulder. (Id.) Dr. Rainey also told Green that she had too much fatty atrophy for healing or repair of her rotator cuff, so he recommended total shoulder arthroplasty. (Id.) Dr. Rainey noted that Green had decided to postpone making a decision about having surgery. (Id.)

On August 4, 2020, Green was evaluated by Dr. Jason Stacy at North Mississippi Neurosurgical Services. (Id.) Dr. Stacy diagnosed Green with spinal stenosis and recommended surgery. (Id.) Dr. Stacy noted that Green did not want to undergo surgery at that time. (Id.) Plaintiff's counsel represents that he was not aware of the reports from Dr. Rainey and Dr. Stacy when Green's administrative claim was filed. (ECF No. 65 at 2.)

Green submitted a claim for damages to the United States Postal Service on January 8, 2021, which was denied on July 6, 2021. (ECF No. 1 at ¶ 11.) Green's claim contained an ad damnum of $42,000. (Id. at 11.) On December 14, 2021, Green and three other Plaintiffs filed this suit. (Id. at 1.)

2

On August 30, 2022, Green was evaluated by Dr. Lawrence Schrader. (ECF No. 84-1.) Dr. Schrader concluded that: Green was diagnosed with a rotator cuff tear in May 2020, shoulder surgery was recommended in May 2020, Green was diagnosed with stenosis in August 2020, back surgery was recommended in August 2020, and Specialty Orthopedic Group determined that Green's stenosis had become more severe in May 2022. (Id. at 11-13.)

On October 14, 2022, Green filed a Motion to Amend seeking to increase her Ad Damnum from $42,000 to $650,000. (ECF No. 65.) The Motion contained a Certificate of Consultation that stated the United States planned to oppose the Motion. (Id. at 14.) On October 17, 2022, the Court issued an order granting Plaintiff's Motion on the basis that it was unopposed. (ECF No. 66.) The Order was filed before October 28, 2022, the deadline for Defendants to file a response.

On October 18, 2022, the United States filed a Notice of Intent to Respond to Plaintiff's Motion to Amend. (ECF No. 69.) On October 28, 2022, the United States filed a Motion for Reconsideration of the Order granting Plaintiff's Motion to Amend on the ground that the Order erroneously stated Plaintiff's Motion was unopposed. (ECF No. 75.) On November 16, 2022, Green filed a Response to the Motion for Reconsideration. (ECF No. 84.) On November 22, 2022, the United States filed a Reply. (ECF No. 88.)

## II.  Analysis

### A.  Motion for Reconsideration

Courts will reconsider interlocutory orders when there is a need to correct a clear error. Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). The Court's October 17, 2022 Order said that the Motion was unopposed. (ECF No. 66.) The Motion said that the United States opposed the Motion, and the United States filed a Notice of Intent to Respond before the deadline to respond. (ECF No. 65 at 7; ECF No. 69.) Because the Order was based on the incorrect premise that the United States did not oppose Plaintiff's Motion, the Order was clearly erroneous. The Motion for Reconsideration is **GRANTED.**

### B.  Motion to Amend

The ability to amend is limited by Federal Rules of Civil Procedure ("FRCP") 15(a) and 16(b)(4), and, in covered cases, by the Federal Tort Claims Act (the "FTCA"), 18 U.S.C. § 2675(b). In this case, Plaintiffs' claims against the United States are governed by the FTCA. Their claims against Defendant Deondre Pierre are not. Green's ability to amend must be analyzed separately for each defendant.

#### 1.  Ability to Amend as to the United States

The FRCP and the FTCA govern Green's claims against the United States. FRCP 15(a)(2) provides that courts "should freely

4

give leave [to amend pleadings] when justice so requires." FRCP 15(a)(2). FRCP 16(b)(4) imposes a good cause requirement. To show good cause, a party must show that she could not have met the original scheduling deadline with ordinary diligence and that the amendment will not prejudice the Defendants. Leary v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003). The FTCA limits the amount of damages a Plaintiff may seek in a court action to the amount sought against the federal agency "except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). Because the FTCA sets a higher bar for amendment, Green's ability to amend as to the United States is controlled by the FTCA.

Plaintiff claims four sources of new evidence: new diagnoses of a torn rotator cuff and aggravation of spinal stenosis, new evidence that her injuries are permanent, new evidence of the need for surgery, and new evidence of the future costs of her medical care. (ECF No. 65 at 11.)

Green claims that she received new diagnoses of a torn rotator cuff and aggravation of spinal stenosis. (ECF No. 65 at 11.) The medical records show that the severity of her shoulder injury was apparent before she submitted her administrative claim. (ECF No. 75 at 13 (noting tendon tears in the shoulder

and recommending surgery).) The review by Dr. Schrader shows that Green's back pain became worse after she made her administrative claim. (ECF No. 84 at 12-13.) The change in Green's back pain is grounds for amendment, but the purported change in her shoulder injury is not.

The United States asserts that Green waived the argument that her condition worsened because she raised it for the first time in her Reply to the United States' Response. (ECF No. 84 at 2.) Green did not waive her worsening condition argument. Her Motion included "aggravation of spinal stenosis" as a basis for amendment. (ECF No. 65 at 7.)

Green argues that the permanence of her condition and the costs of ongoing treatment constitute new evidence. Green's medical records that predate her administrative claim do not discuss the permanence of her condition or the continuous treatment needed to address it. Dr. Schrader's assessment of the ongoing costs of future treatment thus constitutes new evidence.

The costs of ongoing treatment unrelated to the permanence of Green's condition present a closer question. Dr. Schrader lists pain management for her back, an EMG study, a subacromial space injection, and decompression and fusion of her lumbar spine as ongoing treatment for her back. (ECF No. at 15.) He lists repeat cortisone injections and total shoulder replacement as ongoing treatment for her shoulder. (Id.) Dr. Schrader's report

post-dates Green's administrative claim. None of the treatment requirements listed by Dr. Schrader is mentioned in the medical reports that pre-date the administrative claim. The question is whether the ongoing treatment requirements were reasonably discoverable when the administrative claim was filed. The reports from Dr. Rainey and Dr. Stacy discuss plans for short-term treatment and reevaluation. They mention surgery as a long-term recommendation but do not otherwise address plans for ongoing treatment. Given the plan to reevaluate Green, the need for ongoing treatment was not reasonably discoverable and constitutes new evidence.

Green argues that her need for surgery constitutes new evidence. The Sixth Circuit has explained that an operation that occurs after the administrative claim was filed is an "intervening fact" only if it was unexpected or unforeseen. Allgeier v. United States, 909 F.2d 869, 878 (6th Cir. 1990).

Here, the surgeries were not unexpected or unforeseen. Green's doctors recommended surgery for both her back and her shoulder problems. (ECF No. 65 at 13, 19.) In both cases, the doctors' notes show that Green chose to postpone the surgery. (Id.) There is no indication that Green was under the impression that surgery was unnecessary. This case is unlike Allgeier, in which surgery was an intervening fact because surgery was recommended only when Plaintiff's condition unexpectedly became

7

worse. <u>Allgeier</u>, 909 F.2d at 879. Here, Plaintiff's decision to postpone surgery was a personal preference. Although her back condition has worsened, she knew the recommendation for surgery for her back and her shoulder when she submitted her administrative claim. (ECF No. 65 at 13, 19.) Green's surgeries are not grounds for recovery under an increased ad damnum.

Green argues that her counsel could not determine the value of her claims until he obtained all of her medical records. (ECF No. 84 2-3.) That argument is unavailing. Section 2675(b) requires that the information be reasonably discoverable. Much of the information in Dr. Schrader's report summarizes evaluations that occurred before submission of the administrative claim. Plaintiff had access to that information before the deadline. Even if she did not have all of the details, she could have inquired further.

Green argues that her motion to increase the ad damnum is not subject to the requirements of the FTCA because the United States has alleged comparative fault against a third party not subject to the FTCA. (ECF No 65 at 12; ECF No. 84 at 1-2.) Although Green lists one damages amount for all defendants in her Complaint and Amended Complaint, she is not required to seek the same damages from each defendant. That the FTCA does not apply to claims against one defendant does not affect its

applicability to another. Green does not cite any statute or caselaw to the contrary. (ECF Nos. 65, 84.)

Green may increase her ad damnum, but the FTCA precludes recovery for her surgeries and the diagnosis of a torn rotator cuff. The FTCA does allow amendment to seek recovery based on the increased severity of Green's back injury and the costs of ongoing treatment for her injuries.

### 2.   Ability to Amend as to Pierre

Pierre is not subject to the FTCA. Green's ability to amend as to Pierre is controlled by the FRCP. FRCP 15(a)(2) states that courts "should freely give leave [to amend pleadings] when justice so requires. FRCP 15(a)(2). In this instance, Green has moved to amend her complaint after the scheduling order deadline of May 4, 2022. (ECF No. 25.) Therefore, Green's request is subject to the FRCP 16(b)(4) good cause requirement. To show good cause, a party must show that she could not have met the original scheduling deadline with ordinary diligence and that the amendment will not prejudice the Defendants. Leary, 349 F.3d at 907.

Exercising ordinary diligence, Green could have met the scheduling deadline to include costs from the recommended surgeries and the severity of her shoulder injury. Ordinary diligence would not have allowed Green to include information about the increased severity of her back injury or her ongoing

costs of care, which were not available before the scheduling deadline. Although the governing provisions differ, the result for the United States and Pierre is the same.

### 3. Prejudice

Defendants will not suffer prejudice if Plaintiff amends her ad damnum. The trial is currently scheduled for December 11, 2023. (ECF No. 105.) Discovery is ongoing. (ECF No. 125.)

## III. Conclusion

For the foregoing reasons, the Motion for Reconsideration is **GRANTED.** Green's Motion for Leave to File a Second Amended Complaint to Increase her Ad Damnum is **GRANTED.** Green can amend to increase her ad damnum in the amount requested. Her amendment is limited to recovery for costs from the increased severity of her back injury and her ongoing costs of care. Green cannot amend to recover based on her surgeries.


So ordered this 6th day of July, 2023.


/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE